IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**UNITED STATES OF AMERICA**

v.                                              Criminal Action No. 1:09-0067

**RANDY MICHAEL BRODNIK
and ANTHONY IRA KRITT**

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Kritt's Motion for a Separate Trial. (Document No. 38.)[1] Mr. Kritt has filed a Memorandum in Support of the Motion. (Document No. 39.) Mr. Kritt requests a separate trial citing Federal Rule of Criminal Procedure 14(a) and incorporating by reference the issues which he raised in seeking a change of venue.[2] The United States responded to Mr. Kritt's Motion in its

---

[1] Mr. Kritt, a Maryland resident and attorney, was initially charged along with Dr. Randy Michael Brodnik, an orthopedic physician in Bluefield, West Virginia, in a seven count Indictment filed on March 18, 2009 (Document No. 1.), with conspiring to defraud the United States of income taxes through "an elaborate 'employee-leasing' scheme" in violation of 18 U.S.C. § 371 and separate counts of income tax evasion for tax years 1999 through 2003 in violation of 26 U.S.C. § 7201. By Superseding Indictment filed on November 3, 2009, the United States added Count Eight charging that Defendants "did endeavor to corruptly obstruct and impede, and did corruptly obstruct and impede, the due administration of the internal revenue laws" and aided and abetted each other in doing so in violation of 26 U.S.C. § 7212(a) and 18 U.S.C. § 2. (Document No. 66.) The United States filed a Second Superseding Indictment on June 2, 2010, withdrawing Count Seven charging income tax evasion for tax year 2003. (Document No. 140.)

[2] Mr. Kritt filed a Motion to Dismiss Indictment for Lack of Venue or, in the alternative, to Transfer to the District of Maryland and Memorandum in Support in late April, 2009. (Document Nos. 29 and 30.) Mr. Kritt asserted that the Indictment should be dismissed for lack of venue because it did not state where alleged overt and affirmative acts occurred. Alternatively, Mr. Kritt requested transfer of this matter to the District of Maryland because (1) Defendant resides and works as an attorney in Maryland and he will be required to drive several hundred miles and pay for lodging and meals to attend hearings and trial here; (2) the District of Maryland is more convenient for Defendant's witnesses; (3) the Indictment does not state where events underlying the charges occurred; (4) Defendant's files and documents are in Maryland; (5) proceedings in West Virginia will cause an "undue disruption of his professional work"; (6) the expenses Defendant will incur for his and his witnesses' travel, lodging and meals will be much greater if the matter remains in West

Consolidated Response to Mr. Kritt's Pretrial Motions. (Document No. 47, pp. 42 - 43.) The United States contends that Mr. Kritt's Motion must be denied because Mr. Kritt has not shown actual prejudice, his loss of a specific trial right or that a miscarriage of justice will occur and the Indictment charges that he engaged in a conspiracy with his co-Defendant "with significant evidence overlapping as to both defendants."

    Federal Rule of Criminal Procedure 8(b) provides that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trial of counts, sever the defendants' trials, or provide any other relief that justice requires." "There is a strong preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537, 113 S.Ct. 933, 937, 122 L.Ed.2d 317 (1993). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or

---

Virginia than they would be if the matter were transferred to Maryland; (7) while Defendant has West Virginia counsel, he has also arranged for three Maryland attorneys to represent him if the matter is transferred there; and (8) the United States will not be inconvenienced or adversely affected if the matter is transferred to the District of Maryland. On June 1, 2009, the United States responded to that Motion and others in its Consolidated Response to Mr. Kritt's Pretrial Motions. (Document No. 47.) On November 19, 2009, the undersigned filed Proposed Findings and Recommendation that Mr. Kritt's Motion be denied. (Document No. 79.) Mr. Kritt filed Objections on December 2, 2009. (Document No. 84.)

prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. at 539, 113 S.Ct. at 938. See also United States v. Spinelli, 352 F.3d 48, 55 (2nd Cir. 2003)("Joint trials are often particularly appropriate in circumstances where the defendants are charged with participating in the same criminal conspiracy, as is the case here.") "Mutually antagonistic defenses are not prejudicial *per se*. Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted , if any, to the district court's sound discretion." Zafiro v. United States, 506 U.S. at 538 - 539, 113 S.Ct. at 938.[3] "[D]efendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro v. United States, 506 U.S. at 540, 113 S.Ct. at 938.

As Mr. Kritt is alleged in the Indictment as it has been superseded to have conspired with his co-Defendant to defraud the United States and to have engaged in income tax evasion, Mr. Kritt is properly charged along with his co-Defendant in this matter pursuant to Federal Rule of Criminal Procedure 8(b). Mr. Kritt has not stated in his Motion for Separate Trial or Motion to Dismiss Indictment for Lack of Venue or, in the alternative, to Transfer any circumstance, and the undersigned cannot envision any circumstance, indicating that a specific trial right belonging to him will be compromised or the jury might have difficulty making a reliable decision about his guilt or innocence through his trial jointly with Defendant Brodnik. The undersigned perceives no serious risk of prejudice to Mr. Kritt by his trial jointly with Defendant Brodnik. Mr. Kritt is therefore not entitled to a separate trial under Federal Rule of Criminal Procedure 14(a), and his Motion must be denied.

---

[3] "The district court has 'a continuing duty at all stages of the trial to grant severance if the requisite degree of prejudice appear[s].'" *United States v. Uhrich*, 228 Fed.Appx. 248, 2007 WL 1578172 (C.A.4 (Md.)) *quoting United States v. Spitler*, 800 F.2d 1267, 1273 (4th Cir. 1986)(citations omitted).

Accordingly, it is hereby **ORDERED** that Mr. Kritt's Motion for Separate Trial (Document No. 38.) is **DENIED**.

The Clerk is directed to transmit a copy of this Order to counsel of record.

ENTER: June 7, 2010.

R. Clarke VanDervort
United States Magistrate Judge