IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

v.                                       CRIMINAL ACTION NO. 1:09-cr-00067

RANDY MICHAEL BRODNIK and
ANTHONY IRA KRITT,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant Kritt's Motion in Limine Regarding Foreign Documents and Motion For Pretrial Admissibility Hearing [Docket 90], filed December 28, 2009; Defendant Kritt's Motion in Limine to exclude reference to any sanctions he received from the Maryland State Bar [Docket 163], filed September 21, 2010; the United States' Motion in Limine to Exclude Expert Testimony and Other Undisclosed Rule 16 Discovery [Docket 161], filed September 21, 2010; Defendant Brodnik's Motion in Limine to Strike Expert Report and Tesimony [sic] of Robert L. Sommers [Docket 182], filed October 12, 2010; United States' Motion in Limine to Restrict Inadmissible Hearsay and Lay Opinion Evidence of the Defendants' State of Mind [Docket 195], filed October 14, 2010; Defendant Kritt's Motion in Limine to Exclude Reference to an Illegal Scheme [Docket 196], filed October 15, 2010; and Defendant Brodnik's Motion in Limine Regarding Foreign Documents [Docket 198], filed October 17, 2010.

*I. INTRODUCTION*

The facts of this case are set forth fully in the Court's Memorandum Opinion and Order entered April 29, 2010, and need not be repeated here. By the Court's Order of June 23, 2010, [Docket 156], this case is scheduled for trial October 19, 2010. In light of the late nature of several of the motions and the fast-approaching trial date, the Court declines to rule on the motions in limine filed after October 12, 2010.

*II. DISCUSSION*

*A.     Defendant Kritt's Motion in Limine Regarding Foreign Documents and Motion
        For Pretrial Admissibility Hearing*

Kritt seeks to exclude from trial foreign records and documents produced by the United States, including emails, correspondence, bank records and statements made by witnesses. (Docket 91 at 1). Kritt asserts that these documents should be excluded pursuant to his rights provided by the Sixth Amendment to the Constitution of the United States to confront witnesses against him. (Docket 91 at 2). In support, Kritt cites *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009) in which the Supreme Court held that certifications describing certain documents were testimonial and inadmissible as violative of the Confrontation Clause. *Melendez-Diaz*, 129 S. Ct. at 2542. Kritt states that "[i]f the government cannot produce live witnesses, . . . then the vast majority of foreign documents produced are inadmissible." (Docket 91 at 2).

The United States responded on January 4, 2010, stating that it has provided notice to Defendants of its intent to offer domestic and foreign business records into evidence at trial. (Docket 98 at 1). It further responds that it has furnished Defendants certificates of authenticity for both the domestic and foreign records. (Docket 98 at 1-2). Relying on *Crawford v. Washington*, the United States contends that because business records themselves are not testimonial in nature, they are admissible. (Docket 98 at 2). The United States distinguishes the evidence in *Melendez-Diaz* from the documents currently at issue, stating that *Melendez-Diaz* concerned "certificates of analysis," which reported the forensic results of substances alleged to be cocaine. (Docket 98 at 3). The Supreme Court of Appeals of the United States held that these certificates were affidavits made by the analysts and that under *Crawford*, the defendant was entitled to "'be confronted with' the analysts at trial." *Melendez-Diaz*, 129 S. Ct. at 2532.

Kritt replied on October 14, 2010, contending that the United States has produced thousands of documents and it intends to introduce them into evidence as "foreign business records." (Docket 193 at 1). Admitting that the U.S. has furnished some certificates of authenticity, he argues that the certificates are testimonial statements, and the documents that correspond to the certificates are not "self-authenticating." (Docket 193 at 2-3). Kritt also asserts that the documents lack trustworthiness because they include handwritten notes, letters without signatures and email exchanges. (Docket 193 at 3-4). Kritt further asserts that he was only given the bates numbers describing the documents that correspond with each certificate on October 12, 2010, and he has been unable to properly analyze the documents as a result. (Docket 193 at 4-5).

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witness against him." *U.S. Const. amend. VI.* It prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant has had a prior opportunity for cross-examination." *United States v. Udeozor*, 515 F.3d 260, 268 (4th Cir. 2008) (citing *Crawford*, 541 U.S. at 53-54). Hearsay evidence is admissible if it falls under one of the firmly established hearsay exceptions set forth in Rule 803 of the Federal Rules of Evidence. In addition to being an exception listed under Rule 803, as the United States asserts in its response and the Supreme Court notes in *Crawford*, business records are not testimonial. *Crawford*, 541 U.S. at 56. Under Rule 803(6) of the Federal Rules of Evidence, business records are not excluded by the unavailability of the witness if they meet the definition and requirements for records of regularly conducted activity:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed. R. Ev. Rule 803(6).

Section 3505 of Chapter 18 of the United States Code sets forth the requirements for admissibility of foreign records of regularly conducted activity in a criminal trial:

> (a)(1) In a criminal proceeding in a court of the United States, a foreign record of regularly conducted activity, or a copy of such record, shall not be excluded as evidence by the hearsay rule if a foreign certification attests that
>
>> (A) such record was made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;
>>
>> (B) such record was kept in the course of a regularly conducted business activity;
>>
>> (C) the business activity made such a record as a regular practice; and
>>
>> (D) if such record is not the original, such record is a duplicate of the original;
>
> unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

18 U.S.C. § 3505(a).

While Kritt asserts that the United States has produced "thousands of documents," it is unclear whether the United States intends to introduce these thousands of documents at trial, each as a foreign business record. In its response, the United States asserts that it has obtained proper certification for the business records it intends to introduce. (Docket 188 at 2). Attached to its response are three such certificates. The Court notes that it appears Kritt does not challenge the certificates' compliance with § 3505.

Inasmuch as Kritt objects to the admissibility of foreign documents that do not qualify as foreign business records under Rule 803(6) of the Federal Rules of Evidence and 18 U.S.C. § 3505(a), or under other exception to the hearsay rule, his motion is granted. The Court will rule on the admissibility of the foreign business records in keeping with the Rules of Evidence once the Court ascertains the context in which the records are offered and the foundation laid for their admissibility. To the extent that Kritt is raising a *Crawford* challenge to the § 3505 certifications,

5

the Court finds that such certificates are not contemplated by the Supreme Court in *Crawford* as inadmissible testimonial evidence. *See United States v. Qualls*, 553 F.Supp.2d 241, 254 (E.D. N.Y. 2008) ("The court finds no violation of the Confrontation Clause by admitting, against an accused in a criminal case, § 3505 certifications to authenticate foreign business records."). Furthermore, the *Melendez-Diaz* opinion is inapplicable to this case because it involved certificates of forensic analysis admitted in error under the laws of Massachusetts. With respect to Kritt's objection to the timeliness of the bates numbers, the Court finds that said objection is not properly addressed via a motion in limine. Kritt's motion for a pre-trial admissibility hearing is denied for the reasons set forth in the Court's October 5, 2010 Order.

> B. *Defendant Kritt's Motion in Limine to Exclude Reference to Any Sanctions He Received from the Maryland State Bar*

Defendant Kritt seeks to exclude any reference to a 2003 Maryland State Bar reprimand he received after a former client of his filed a complaint against him with the Attorney Grievance Commission of Maryland. (Docket 164 at 1). The client was a shareholder in a company Kritt helped form and, according to Kritt, after the company was unsuccessful this client filed the complaint and the Commission found that there had been a potential conflict of interest, but it never ruled that there was an actual conflict. (Docket 164 at 1-2). Kritt seeks the exclusion of any mention of these sanctions based on Rule 404(b) and Rule 403 of the Federal Rules of Evidence. He asserts that this information would be offered by the United States to prove his character, and that "[t]he incident that gave rise to the Maryland State Bar sanction is wholly unrelated to the issues at hand." (Docket 164 at 3).

The United States responded on September 27, 2010, contending that this evidence is admissible under Rule 404(b) because the underlying conduct of the Maryland State Bar complaint is direct evidence of the willfulness element of the charged crime, and it is "inextricably intertwined" with the current charges. (Docket 165 at 6). In support, the United States offers the facts that the events leading to the Maryland State Bar sanction and the current charges involve an offshore financial transaction, that the time frame of both endeavors overlapped and that Defendant Brodnik was involved as a participant in both schemes. (Docket 165 at 7). The United States also asserts that Kritt's failure to research the scheme underlying the Maryland State Bar complaint or get a legal opinion demonstrates his intent, or "cavalier state of mind" in his participation in "unorthodox offshore financial transactions," and it shows his willfulness toward criminal activity. (Docket 165 at 7). Alternatively, the United States contends that this evidence is admissible because it is highly probative of Kritt's intent, motive, plan, knowledge and lack of accident or mistake. (Docket 165 at 8-9).

> Rule 404 (b) provides, in relevant part, that
>
> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Ev. Rule 404(b).

Because Rule 404(b) recognizes the admissibility of prior crimes, wrongs, or acts with only the one stated exception, it is understood to be a rule of inclusion. *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (citing *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996)). The

7

Fourth Circuit has articulated a four-prong test for the admissibility of prior-act evidence: (1) the prior-act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) as required by Federal Rule of Evidence 403, its probative value must not be "substantially outweighed" by its prejudicial nature. *Queen*, 132 F.3d at 995.

Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Under Rule 403, evidence may be excluded "only if the evidence is unfairly prejudicial and, even then, only if the unfair prejudice substantially outweighs the probative value of the evidence . . . . 'Evidence is unfairly prejudicial . . . when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence.'" *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (quoting *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006)).

The United States sets forth similarities between the Maryland State Bar complaint and the current charges; however, the conduct relating to the Maryland State Bar complaint does not appear to be a prior instance that made Kritt aware of the potential illegality of his actions underlying the current charges, and is thus not "necessary to prove an element of the crime charged." The complained of conduct in the Maryland State Bar complaint appears to be related to securities law, in that Kritt is alleged to have sold shares of stock in a company that were not delivered. The reprimand for this conduct is not probative for the purposes of this case, which involves income tax evasion. Given the differences in the two allegations, the Court finds that any probative value from

the Maryland State Bar reprimand is substantially outweighed by the danger of unfair prejudice. This evidence, therefore, fails the *Queen* test, and the reprimand is inadmissible.

> C. *United States' Motion in Limine to Exclude Expert Testimony and Other Undisclosed Rule 16 Discovery*

The United States seeks to preclude the testimony of one of Defendant Kritt's expert witnesses, CPA Todd Williams, because Defendant Kritt failed to comply with Rule 16(b)(1)(c) of the Federal Rules of Criminal Procedure in neglecting to furnish this witness' report or resume. (Docket 161 at 2-3). The United States asserts that "[b]ecause it appears that Defendant Kritt has had information concerning CPA Williams for a considerable length of time, because this case concerns complex facts and legal issues and will require counsel significant time to prepare, and because trial is set to begin in about a month, the Court, in fairness to the United States, should prohibit Defendant Kritt from introducing any expert witness testimony or other evidence that should have been previously turned over as reciprocal discovery at trial." (Docket 161 at 3).

Defendant Kritt responded on September 27, 2010, stating that at the time of his response, he was undecided as to whether he would use Williams as an expert. (Docket 168 at 1). No further response has been made.

The Court notes that Kritt has not disputed his failure to comply with Rule 16(b)(1)(c) or raised a challenge to the Government's compliance with Rule 16(a)(1)(g). Inasmuch as the witness lists were due by October 12, 2010, and Todd Williams is listed on Kritt's list, and, further, inasmuch as Kritt has made no additional response or argument as to why this expert's testimony should be allowed, the Court finds that the witness Todd Williams should be excluded as an expert witness.

> D. *Defendant Brodnik's Motion in Limine to Strike Expert Report and Testimony of Robert L. Sommers*

Defendant Brodnik seeks the exclusion of Robert Sommers, one of the United States' expert witnesses, for the following reasons: Sommers opines that Brodik's "deferred compensation plan" [DCP] was illegal in spite of the Court's May 10, 2010 Order [sic; April 29, 2010 Order] wherein it noted that the legality of the DCP is not at issue; Sommers opines on Notice 2003-22 and 26 U.S.C. § 409A and the Court has noted in its earlier Order that these provisions are not pertinent to this case; Sommers' opinion that Defendants committed tax evasion is an improper legal conclusion and an opinion on Defendants' intent; the opinion includes improper and unsupported legal conclusions that Defendants' companies were "shams"; and Mr. Sommers' showing of bias. (Docket 182 at 1-2).

The United States filed its response on October 14, 2010, contending that Brodnik's motion is untimely and Defendants have had notice of its intent to use Sommers as a witness since April 2009. (Docket 194 at 1-2). The United States contends that Brodnik misinterprets the language of the Sommers opinion and that the Sommers opinion was written eight (8) months before the Court's ruling so it could not have taken the ruling into account. (Docket 194 at 2). The United States further asserts that it never represented that Defendants' offshore leasing scheme was legal and that Brodnik is ignoring and contorting the Court's reasoning in its April 29, 2010, Opinion. (Docket 194 at 2).

Brodnik has not demonstrated cause to exclude the testimony of Sommers. Insofar as Brodnik objects to the relevance or propriety of portions of Sommers' opinion in light of the Court's subsequent Opinion and Orders, the Court finds this an insufficient basis to exclude Sommers'

10

testimony from trial. To the extent that Brodnik objects to portions of Sommers' opinion that he deems improper prejudicial language or irrelevant in light of the issues or unsupported legal conclusions, the Court cautions the parties to comply with the Federal Rules of Evidence in eliciting expert testimony and insure that their experts not use terminology that directly or indirectly comments on an element of the offense in violation of 704(b). Furthermore, the Court has previously adopted the magistrate judge's opinion denying Defendant Brodnik's earlier motion to strike Sommers' opinion from the record and declines to reconsider that ruling.

### III. CONCLUSION

After careful consideration of the above motions, the Court ORDERS as follows:

1) That Defendant Kritt's Motion in Limine Regarding Foreign Documents and Motion For Pretrial Admissibility Hearing be **GRANTED** to the extent that the United States is precluded from admitting into evidence foreign documents that are not properly certified as foreign business records under Rule 803(6) of the Federal Rules of Evidence and 18 U.S.C. § 3505(a) and otherwise **DENIED**;

2) That Defendant Kritt's Motion in Limine to exclude reference to any sanctions he received from the Maryland State Bar be **GRANTED**;

3) That the United States' Motion in Limine to Exclude Expert Testimony and Other Undisclosed Rule 16 Discovery be **GRANTED**; and

4) That Defendant Brodnik's Motion in Limine to Strike Expert Report and Tesimony [sic] of Robert L. Sommers be **DENIED**.

11

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendants and their respective counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER: October 18, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA