# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                            CRIMINAL ACTION NO. 1:09-cr-00067

RANDY MICHAEL BRODNIK and
ANTHONY IRA KRITT,

          Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed Defendant Brodnik's Motion to Dismiss Indictment [Docket 159], filed September 17, 2010, and Defendant Kritt's Renewed Motion to Dismiss [Docket 160], joining Defendant Brodnik's motion, filed September 21, 2010.

By Order of Reference entered March 26, 2009, the Court referred this matter to United States Magistrate Judge R. Clarke VanDervort "for the purpose of doing all things proper to hear and determine or make recommendations for disposition of any pretrial motions filed in this case including, without limitation, conducting a hearing on the motions, if necessary, and entering into the record a written order setting forth the disposition of the motion or recommendation for disposition, as the case may be." [Docket 7]. Magistrate Judge VanDervort filed his Proposed Findings and Recommendation (PF&R) on October 1, 2010. [Docket 171]. In that filing, Magistrate Judge VanDervort recommended that the undersigned deny Defendants' motions.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this Court's order. *See Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

However, a defendant must cite to specific instances of error. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir.2007) (stating that "[28 U.S.C. ] Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*") (internal citations and quotations omitted) (emphasis in original). As the Fourth Circuit further stated in *Midgette*:

> [a] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection . . . . To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

*Id.* at 622. *See also* Fed. R. Crim. P. 59(b)(2) (requiring objecting party to file "*specific*, written objections to the proposed findings and recommendations") (emphasis added).

Here, objections to Magistrate Judge VanDervort's PF&R were due by October 18, 2010, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59. Defendant Kritt timely filed objections [Docket 197] on October 17, 2010. No objections were filed by Defendant Brodnik. The undersigned now reviews de novo the portions of Magistrate Judge VanDervort's PF&R to which Defendant Kritt objected.

The facts of this case are set forth fully in the Court's April 29, 2010 Order and need not be fully repeated here. On June 2, 2010, the United States filed its Second Superseding Indictment charging Defendants with one count of conspiracy, five counts of tax evasion and one count of corruptly endeavoring to impede and obstruct the due administration of internal revenue laws. In the motion to dismiss the indictment, Defendants move that the superseding indictment be dismissed on the grounds that (i) the United States violated its legal duty of clarity with respect to the underlying law in this case, (ii) it failed to apply the law as in effect in 1978 as mandated by the Revenue Act of 1978, and (iii) it admitted, in a case involving another similarly situated taxpayer, the tax due and owing in this case is reportable under 26 U.S.C. §§ 409(A). (Docket 159 at 1).

After holding a hearing on Defendants' motions, Magistrate Judge VanDervort found "that Defendants are raising essentially the same issues in currently seeking dismissal of the Superseding indictment as they raised unsuccessfully initially[,]" and recommended that the motions be denied. (Docket 171 at 4, 5).

In his objections, Kritt objects to the portion of the PF&R that "discusses the economic substance doctrine" and "holds that 'a transaction cannot be treated as a sham unless the transaction is shaped solely by tax avoidance considerations.'" (Docket 197 at 1). Kritt further cites to Judge VanDervort's statement that "'the United States indicated that decisions of Courts in the civil or

administrative context are inapposite.'" (Docket 197 at 1). Kritt objects to this "finding" because he is contending that the transactions underlying the current charge did not violate the law and were conducted for legitimate purposes under the economic substance doctrine, and therefore, "this doctrine is not inapposite under criminal law." (Docket 197 at 1).

In reviewing the motion to dismiss and Kritt's objections, the Court concludes that the objections lack merit. What Kritt cites as Judge VanDervort's finding is actually the magistrate judge's summary of the positions of the parties in the hearing held on September 28, 2010. (Docket 171 at 3). It appears from the summary in the PF&R that it is only in that hearing, and not in the briefing, that the economic substance doctrine and corresponding authority were discussed. Inasmuch as the economic substance doctrine is not discussed in the briefing or considered in the PF&R, the Court declines to consider it now. Therefore, the undersigned **ADOPTS** the PF&R, **OVERRULES** Defendant Kritt's objections to the PF&R and **ORDERS** Defendants' motions **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendants and their respective counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: October 19, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

4