IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                            CRIMINAL ACTION NO. 1:09-cr-00067

RANDY MICHAEL BRODNIK and
ANTHONY IRA KRITT,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Kritt's Motion for Costs and Fees and Request for In Camera Production of Internal Government Memoranda* [Docket 219], filed November 6, 2010, *Defendant Brodnik's Motion for Costs and Fees, Request for Production of Internal Government Memoranda, and Request for Evidentiary Hearing* [Docket 243], filed January 5, 2011, and the *United States Motion to Dismiss Defendant Brodnik's Motion for Costs and Fees and Other Relief, for Want of Jurisdiction, and to Suspend Time Period for the United States to File a Response* [Docket 245], filed January 6, 2011, together with the supporting memoranda.

I.

On June 2, 2010, the United States issued a seven count second superceding indictment against Defendants alleging conspiracy, income tax evasion and corruptly endeavoring to impede and obstruct the due administration of the internal revenue laws. Following a twelve day trial, a jury

returned a verdict of not guilty on November 8, 2010, on all counts against all of the Defendants. Defendant Kritt filed his motion for an award of attorney's fees on November 6, 2010, asserting that costs and fees are justified under the Hyde Amendment, Pub. L. No. 105-199, 111 Stat. 2440, 2519 (1997). He also requests an *in camera* production of the Government's internal memoranda relating to this case. On January 5, 2011, Defendant Brodnik filed a motion joining Defendant Kritt's motion for fees and providing additional supporting facts and analysis.

The United States filed its motion to dismiss Brodnik's motion on January 6, 2011, on the grounds that it was not timely filed. The United States cites 28 U.S.C. § 2412(d)(1)(B), which states,

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). The United States asserts that because the final judgment was entered in this case on November 8, 2010, and Brodnik did not file his motion for fees until January 5, 2011, more than thirty days after the judgment, his motion is untimely and should be dismissed. Inasmuch as Brodnik has not responded to this motion explaining why 28 U.S.C. § 2412(d)(1)(B) does not apply, and his motion for fees was made more than thirty days after the final judgment in this action, the Court finds that his motion should be dismissed as untimely.

II.

The Hyde Amendment is not codified, but rather set forth in the legislative notes following 28 U.S.C. § 3006A. The legislative notes state as follows:

> During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act [Nov. 26, 1997], may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code. To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal. Fees and other expenses awarded under this provision to a party shall be paid by the agency over which the party prevails from any funds made available to the agency by appropriation. No new appropriations shall be made as a result of this provision.

18 U.S.C.A. § 3006A (legislative notes).

A defendant claiming entitlement to fees under the Hyde Amendment must prove by a preponderance of the evidence that (1) the case was pending on or after the enactment of the Hyde Amendment; (2) the case was a criminal case; (3) he was not represented by assigned counsel paid for by the public; (4) he was a prevailing party; (5) the prosecution was vexatious, frivolous, or in bad faith; (6) the attorney's fees were reasonable; and (7) no special circumstances exist that would make an award unjust. *In re 1997 Grand Jury*, 215 F.3d 430, 436 n. 8 (4th Cir. 2000) (citing *United States v. Pritt*, 77 F.Supp.2d 743, 747 (S.D. W. Va. 1999)); *United States v. Truesdale*, 211 F.3d 898, 908 (5th Cir. 2000).

The United States and Kritt limit their discussion of the elements to "bad faith." For the purposes of this opinion the Court will assume the fifth element, specifically whether the prosecution was in bad faith, is the only one at issue. The Court of Appeals for the Fourth Circuit has defined bad faith as "'not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.'" *In re 1997 Grand Jury*, 215 F.3d at 436 (citing *United States v. Gilbert*, 198 F.3d 1293, 1298-99 (11th Cir. 1999) and Black's Law Dictionary 139 (6th ed. 1990)).

Kritt asserts that "[t]he numerous misrepresentations by the Government lawyers in this case constitutes bad faith. The Government's purposeful solicitation of false information both in front of the grand jury and the petit jury constitutes bad faith. The repeated Government misconduct in this case constitutes bad faith." (Docket 220 at 8.) In support, Kritt states that the Government's witnesses falsely testified in front of the grand jury and at trial that Kritt did not pass the bar examination. (Docket 220 at 1-2.) Kritt complains that the Government did not correct this misstatement, but rather enforced this false proposition throughout trial. (Docket 220 at 2.) He further asserts that the Government improperly introduced evidence of a Maryland State Bar reprimand against Kritt after the Court had granted his motion in limine precluding such evidence. (Docket 220 at 3.) Kritt states that the Government also engaged in misconduct when it informed one of its witnesses, Debbie Beck, prior to her testimony, of an issue that had come up during trial. (Docket 220 at 4.) Kritt finally asserts that the Government acted improperly when it moved to disqualify Robert Steintjes, original counsel for Brodnik, but did not call him as a witness during trial, although Kritt admits this did not prejudice him directly. (Docket 220 at 4.)

The Government responded on November 23, 2010, asserting that Kritt's allegations do not support a claim of bad faith. As to Kritt's assertion regarding his credentials, the Government states that the indictment upon which the case was tried noted that Kritt was an attorney, and the Government's witnesses at trial testified that they believed he was not an attorney based on what they had been told. (Docket 241 at 6.) The Government notes that one of the witnesses who testified to Kritt's credentials admitted to being mistaken about Maryland not requiring attorneys to be members of the bar association, and that Kritt was actually an attorney. (Docket 241 at 7.) The Government asserts that it referred to Kritt as an attorney throughout trial and never implied that he was unlicensed. (Docket 241 at 8.) It further contends that it properly introduced evidence of the Maryland State Bar reprimand only after Kritt testified to his good standing in the Maryland bar. (Docket 241 at 8, n.5.)

Next, the Government contends that Debbie Beck mischaracterized what she had been told by Government attorneys during her testimony. (Docket 241 at 5, n.3.) It states that rather than giving her information on an issue that had already come up at trial, AUSA Anna Forbes went over information Beck had previously been provided in a mid-trial preparation session. (Docket 241 at 5, n.3.) In its response, the Government asserts that even if Beck's characterization was accurate, the Fourth Circuit has held that witness sequestration orders do not apply to lawyers for parties to the action. (Docket 214 at 5) (citing *United States v. Rhynes*, 218 F.3d 310, 316-17 (4th Cir. 2000)). The Government finally contends that the disqualification of Brodnik's attorney, Robert Steintjes, was legally justified in that he was a potential witness for either side in the case because he was involved in the business for which the Defendants were under indictment. (Docket 241 at 9.) Kritt did not reply to the Government's response.

III.

In his memorandum supporting his motion for fees, Kritt discusses three instances of "misrepresentations" by the Government that he asserts constitute bad faith: the witnesses' assertions regarding Kritt's standing as a Maryland attorney; the comment by witness Debbie Beck that she had been told by the Government's attorney of an issue that had already come up during trial; and the disqualification of Brodnik's attorney, Robert Steintjes. However, Kritt does not assert that any of these instances were "a conscious doing of a wrong because of dishonest purpose or moral obliquity" or that the Government "affirmatively operat[ed] with furtive design or ill will." There is no evidence that the Government consciously acted with ill will.[1]

The Government's witnesses may have mischaracterized Kritt's membership in a bar association, but the record is replete with instances in which Kritt is referred to as an attorney, including in his own testimony. Further, as the Government asserts and as the Court ruled during trial, Kritt's reprimand from the Maryland State Bar was properly introduced after the door as to his standing as an attorney was opened by him on direct examination. Second, witness Debbie Beck's comment that the Government's counsel had told her about an issue that had come up during trial does not constitute bad faith. Kritt did not assert, nor does the evidence reveal, that

---

[1] An example of a court finding a bad faith basis for the award of attorney's fees under the Hyde Amendment is found in *United States v. Adkinson*, 247 F.3d 1289, 1292 (11th Cir. 2001) (finding bad faith where government had knowledge that its position was contrary to controlling precedent; indictment did not allege any crime under existing law; and government "willfully ignored appellants' rights" and proceeded in hopes that the court would overturn existing precedent). *Compare Adkinson with United States. v. Braunstein*, 281 F.3d 982, 997 (9th Cir. 2002) (awarding attorney's fees pursuant to Hyde Amendment after finding that the criminal prosecution was *frivolous* because AUSA possessed exculpatory information prior to seeking grand jury indictment). Because Kritt only alleges a bad faith basis for attorney's fees, the Court need not engage in a discussion of whether the Government's case was frivolous.

Government attorney Anna Forbes purposefully coached Beck on what had occurred in trial prior to her testimony for the purpose of violating the sequestration order or other dishonest purpose. Finally, Kritt admits that the disqualification of Robert Steintjes did not prejudice him. Inasmuch as the Court ruled that his disqualification was proper, and did not base this ruling on the contingency that he testify at trial, there is no evidence of bad faith on the Government's part with respect to this issue either.

Kritt limited his argument for entitlement to fees under the Hyde Amendment to the single "bad faith" element of the inquiry. He has failed to meet his burden of showing the Government's intent or state of mind required for the Court to find bad faith present, as bad faith has been defined by our Court of Appeals.[2] He has additionally failed to produce any evidence that an *in camera* production of the Government's internal documents would lead to evidence that the Government acted in bad faith.

For the reasons stated above, the Court **ORDERS** that Defendant Kritt's Motion for Costs and Fees and Request for *In Camera* Production of Internal Government Memoranda [Docket 219] be **DENIED**. The Court further **ORDERS** that the United States Motion to Dismiss Defendant Brodnik's Motion for Costs and Fees and Other Relief, for Want of Jurisdiction, and to Suspend Time Period for the United States to File a Response [Docket 245] be **GRANTED** and Defendant Brodnik's Motion for Costs and Fees, Request for Production of Internal Government Memoranda, and Request for Evidentiary Hearing as to Randy Michael Brodnik [Docket 243] be **DISMISSED**.

---

[2] Kritt additionally failed to satisfy the fifth element of the inquiry, that his attorney fees were reasonable. He states in his memorandum that "An itemization of attorney fees and costs will be supplemented when received." (Docket 220 at 6, n.1.) The Court has not received this itemization.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendants and their respective counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshal.

ENTER: May 25, 2011

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA